THE STATE EX REL. MARTINEZ, APPELLANT, *v.* AVON OAKS NURSING
HOME; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Martinez v. Avon Oaks
Nursing Home* (1994), 71 Ohio St.3d 512.]

(No. 93–2620—Submitted December 20, 1994—Decided December 30, 1994.)

*Sammon & Bolmeyer Co., L.P.A.,* and *Martin J. Sammon,* for appellant.

*Lee Fisher,* Attorney General, and *Melanie Cornelius,* Assistant Attorney
General, for appellee.

---

*Per Curiam.* Based on the reports of Dr. Hollister, we find that the commission abused its discretion in determining the commencement date of claimant's permanent total disability compensation. Accordingly, the judgment of the appellate court is reversed and a writ of mandamus is issued ordering the commission to commence compensation as of March 23, 1986.

*Judgment reversed
and writ allowed.*

A.W. SWEENEY, DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

MOYER, C.J., WRIGHT and PFEIFER, JJ., dissent.

WRIGHT, J., dissenting. As stated in our original pronouncement, *State ex rel. Martinez v. Avon Oaks Nursing Home* (1994), 71 Ohio St.3d 112, 642 N.E.2d 355, claimant offers three alternate permanent total disability starting dates: (1) December 26, 1982—the date her temporary total disability benefits ceased; (2) April 29, 1983—the date of her first permanent total disability application; or (3) March 23, 1985—the date of her second permanent total disability motion. For the reasons that follow, we should affirm the judgment of the court of appeals.

The commission found that Dr. Kaffen's July 2, 1991 report was the earliest credible evidence of permanent total disability and started benefits as of that date. Claimant contends that some of the earlier evidence before the commission

was equally persuasive, warranting an earlier commencement date. Acceptance of claimant's argument necessitates abandonment of a fundamental precept—the commission is solely responsible for assessing evidentiary weight and credibility. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

The fact remains that, for whatever reason, her applications were not processed sooner. Perhaps the delay was due to claimant's relocation to Florida or perhaps to an administrative error. Regardless of the reason, the delay, while regrettable, cannot compel payment of compensation over a period in which there is no evidence of permanent total disability. As the appellate court stated:

"While the delays in this case do not reflect well upon the Industrial Commission, the order which sets forth the reason for the commencement date of the permanent total disability compensation is one of the most cogent orders which has come before the court in recent history."

For the foregoing reasons, I respectfully dissent.

MOYER, C.J., concurs in the foregoing dissenting opinion.