OPINIONS OF THE SUPREME COURT OF OHIO

**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Martinez, Appellant, v. Avon Oaks Nursing Home; Industrial Commission of Ohio, Appellee.
[Cite as State ex rel. Martinez v. Avon Oaks Nursing Home (1994), Ohio St.3d .]
Workers' compensation -- Writ of mandamus allowed ordering Industrial Commission to commence permanent total disability compensation benefits as of March 23, 1986.
(No. 93-2620 -- Submitted December 20, 1994 -- Decided December 30, 1994.)
Appeal from the Court of Appeals for Franklin County, No. 93AP-153.
On Motion For Reconsideration.

Sammon & Bolmeyer Co., L.P.A., and Martin J. Sammon, for appellant.
Lee Fisher, Attorney General, and Melanie Cornelius, Assistant Attorney General, for appellee.

Per Curiam. Based on the reports of Dr. Hollister, we find that the commission abused its discretion in determining the commencement date of claimant's permanent total disability compensation. Accordingly, the judgment of the appellate court is reversed and a writ of mandamus is issued ordering the commission to commence compensation as of March 23, 1986.

Judgment reversed
and writ allowed.

A.W. Sweeney, Douglas, Resnick and F.E. Sweeney, JJ., concur.
Moyer, C.J., Wright and Pfeifer, JJ., dissent.

Wright, J., dissenting. As stated in our original pronouncement, claimant offers three alternative permanent total disability starting dates: (1) December 26, 1982 -- the date her temporary total disability benefits ceased; (2) April 29, 1983 -- the date of her first permanent total disability

application; or (3) March 23, 1985 -- the date of her second permanent total disability motion.  For the reasons that follow, we should affirm the judgment of the court of appeals.

The commission found that Dr. Kaffen's July 2, 1991 report was the earliest credible evidence of permanent total disability and started benefits as of that date.  Claimant contends that some of the earlier evidence before the commission was equally persuasive, warranting an earlier commencement date.  Acceptance of claimant's argument necessitates abandonment of a fundamental precept -- the commission is solely responsible for assessing evidentiary weight and credibility.  State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

The fact remains, that, for whatever reason, her applications were not processed sooner.  Perhaps the delay was due to claimant's relocation to Florida or perhaps to an administrative error.  Regardless of the reason, the delay, while regrettable, cannot compel payment of compensation over a period in which there is no evidence of permanent total disability.  As the appellate court stated:

"While the delays in this case do not reflect well upon the Industrial Commission, the order which sets forth the reason for the commencement date of the permanent total disability compensation is one of the most cogent orders which has come before the court in recent history."

For the foregoing reasons I respectfully dissent.

Moyer, C.J., concurs in the foregoing dissenting opinion.